UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

Greg Shirley,

Plaintiff,

vs. ORDER

National Railroad
Passenger Corp.,
a/k/a AMTRAK,

Defendant. Civ. No. 00-99 (RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 20th day of April, 2001.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to the consent of the parties, as authorized by the provisions of Title 28 U.S.C. §636(c), upon the Defendant's Motions in limine. For these purposes, the Defendant has appeared by Max C. Ramsey, Esq., and the Plaintiff has appeared by Randal W. LeNeave, Esq. Deeming oral argument unnecessary, we address the Motions on the parties' written submissions.

## II. Discussion

This is a personal injury case, which was brought by the Plaintiff Greg Shirley against his employer, the National Railroad Passenger Corporation, also known as Amtrak. The Plaintiff works

APR 20 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(18)

for the Defendant as a locomotive engineer. He contends that he injured his back on January 26, 1997, when "he was required to ride on a defective hard riding locomotive No. 313 with a defective engineer's seat and worn suspension wheels that needed to be turned, on defective tracks." Complaint, at ¶IV. The Plaintiff alleges that the Defendant violated the Federal Employer's Liability Act ("FELA"), Title 45 U.S.C. §51-60, and the Boiler Inspection Act, Title 49 U.S.C. §20701 et seq. The Defendant denies liability, and disputes the nature and the extent of the Plaintiff's claimed injuries.

The Defendant advances three Motions in limine: 1) barring any mention of the fact that the FELA is the Plaintiff's sole remedy and/or that the Plaintiff is not entitled to collect workers' compensation benefits; 2) barring any mention or argument concerning Congress' intent in enacting the FELA; and 3) excluding evidence that the Defendant has paid medical expenses on behalf of the Plaintiff.

A. Standard of Review. With certain exceptions, all relevant evidence is admissible at Trial. See, Rule 402, Federal Rules of Evidence. Evidence is "relevant," if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, Federal Rules of Evidence. None-

theless, "relevant" evidence may be excluded if it is found to be unfairly prejudicial. Rule 403, Federal Rules of Evidence.

Under Rule 403, evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Accordingly, Rule 403 requires the Court to balance the probative value, and the need for the evidence, against the harm that is likely to result from its admission. Within this context, unfair prejudice "'means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" Block v. R.H. Macy & Co., Inc., 712 F.2d 1241, 1244 (8th Cir. 1983), quoting Advisory Committee Notes to Rule 403 (1972). As a general rule, however, the balance, under Rule 403, should be struck in favor of admission. See, Block v. R.H. Macy & Co., Inc., supra at 1244 ("In weighing the probative value of evidence against the dangers and considerations enumerated in Rule 403, the general rule is that the balance should be struck in favor of admission."), quoting United States v. Dennis, 625 F.2d 782, 797 (8th Cir. 1980); see also, Kehm v. Proctor & Gamble Manufacturing Co., 724 F.2d 613, 627 (8th Cir. 1983)(general policy of Federal Rules of Evidence is to favor the admission of relevant

evidence, "absent an extremely strong showing that admission will lead to unfair prejudice").

B. Legal Analysis. Given these well-understood precepts, we address each of the Defendant's Motions separately.

1. The Motion to Exclude the Fact that the FELA is the Plaintiff's Sole Remedy and/or that the Plaintiff is Not Entitled to Collect Workers' Compensation.

The Defendant contends that the Plaintiff should not be able to submit evidence to the Jury concerning the fact that a railroad worker's only remedy is a recovery under the FELA, and that, therefore, he cannot, and did not, receive workers' compensation benefits. In support of this contention, the Defendant cites Stillman v. Norfolk & W. Ry. Co., 811 F.2d 834 (4th Cir. 1987), Winell v. McKessport Connecting Railroad Co., 411 F.2d 510 (3rd Cir. 1969), and Kodack v. Long Island Railroad Co., 342 F.2d 244 (2nd Cir. 1965).

In Stillman, the plaintiff, who was a railroad worker, brought an action against his employer under the FELA. Stillman v. Norfolk & W. Ry. Co., supra at 836. He argued that he should be permitted to inform the Jury that his only recourse for his injuries was under the FELA, and that he would receive no workers' compensation benefits. His reasoning for such a disclosure was that, "because the jury may have assumed he would received workers' compensation,

it may have been reluctant to grant him recovery under FELA." Id. at 838. The Court rejected this notion, however, and found that the fact that the plaintiff could not receive workers' compensation was "completely irrelevant to the issues presented in this case." Id. The Court also noted that allowing the plaintiff to present such evidence of his inability to receive workers' compensation benefits would be contrary to the rule that defendants in FELA cases are not allowed to advise the Jury that the plaintiff has received benefits from collateral sources. Id., citing Eichel v. New York Central Railroad Co., 375 U.S. 253, 255-56 (1963), and Schroeder v. Pennsylvania Railroad Co., 397 F.2d 452, 457 (7th Cir. 1968); see also, Sullivan v. Northeast Illinois Regional Commuter Railroad Corp., 1999 WL 1045206 (N.D. Ill. 1999)(excluding evidence that plaintiff who brought suit under the FELA could not receive workers' compensation benefits).

In contrast, the Plaintiff points to a California State Court decision in which the Court allowed the plaintiff to reveal to the Jury, during the voir dire process, that the FELA was the Plaintiff's only remedy, and that he could not receive workers' compensation benefits. See, Bohme v. Southern Pacific Co., 8 Cal. App. 3d 291, 87 Cal. Rptr. 286 (Cal.App. 1970). The Court specifically determined that cases such as Eichel v. New York Central Railroad Co., supra, which stand for the proposition that defendants in FELA

cases may not mention any benefits that a plaintiff is receiving from collateral sources, had no bearing on the issue of whether the plaintiff can reveal that the FELA is his only remedy. Id. The Court further stated:

> It is reasonable to assume * * * that men and women who sit on our juries are aware of the Workmen's Compensation Act, and are aware generally that it affords protection to employees who suffer personal injury arising out of, and which is connected with their employment, and that claims for damages for such injury, as against the employer, are heard before the Industrial Accident Commission, and not in a court of law of general jurisdiction.

Id. at 298.

Thus, due to the presumption that the public commonly understands the availability of workers' compensation benefits, and because the Jury was given a "comprehensive and detailed instruction[] bearing upon the rights, duties and obligations of both plaintiff and defendant under the Federal Employers' Liability Act," the Court determined that the defendant suffered no prejudice from the plaintiff's revelation that he could only recover under the FELA. Id. We have found no other decision which supports the reasoning in Bohme, and the Plaintiff has not drawn any additional authority to our attention.

We agree with the Court's reasoning in Stillman. Any allusion to the fact that the Plaintiff, here, can only recover under the FELA, and has not received workers' compensation benefits, is "com

pletely irrelevant" to the issues of liability and damages. Frankly, we do not understand why such an instruction would be appropriate in a FELA context, when in the ordinary tort claim, the fact that the plaintiff has, or could recover workers compensation, is not relevant unless a workers' compensation carrier has paid benefits and seeks to enforce a lien -- a circumstance plainly not present here. Moreover, even if we mistakenly assumed that the such evidence were somehow relevant, we are convinced that any such relevance is outweighed by the prejudice it could cause were the Jury to regard the Plaintiff sympathetically because of his sole recourse under the FELA. See, Rule 403, Federal Rules of Evidence. Therefore, we grant the Defendant's Motion in limine.

2. The Motion to Exclude any Mention or Argument Concerning Congress' Intent in Enacting the FELA.

Next, the Defendant seeks to prohibit any mention of the legislative intent behind Congress' passage of the FELA. This issue was also address by the Stillman Court, which concluded that the evidence of intent should be excluded, as follows:

> So long as the jury was properly instructed on the applicable law, we can see no reason why it would be either necessary or appropriate for the jury to hear an argument about Congress's intent in enacting the law.

Stillman v. Norfolk & W. Ry. Co., supra at 838.

Again, we agree. We can discern no basis to burden the Jury with snippets of the legislative history preceding the enactment of the FELA, nor have we found any authority which would permit us to allow such evidence of Congressional intent. Congress' intent in promulgating the remedial measures encompassed within the FELA are either contained in its statutory language -- in which case they will be presented in the Charge to the Jury if otherwise useful to the Jury's factfinding -- or it is irrelevant to the issues to be considered by the Jury. Thus, we also grant this second Motion in limine.

3. The Motion to Exclude Evidence that the Defendant has Paid Medical Expenses on Behalf of the Plaintiff.

Lastly, the Defendant urges that the Jury should not be advised that the Defendant paid for the Plaintiff's medical expenses, and should not be allowed to view these medical bills. The Defendant reports that it routinely pays for the medical expenses of its employees who claim to have sustained injuries at work and, consistent with such a policy, it did pay certain of the Plaintiff's medical expenses. However, it contends that such evidence should be excluded in accordance with Rule 409, Federal Rules of Evidence, which provides as follows:

> Evidence of furnishing or offering or promising to pay medical, hospital, or similar ex-

> penses occasioned by an injury is not admissible to prove liability for the injury.

Rule 409, Federal Rules of Evidence.

According to the Advisory Committee Notes, the underlying policy for the Rule is "that such payment or offer is usually made from humane impulses and not from an admission of liability, and that to hold otherwise would tend to discourage assistance to the injured person." Advisory Committee Notes to Rule 409 (1972), quoting Annot., 20 A.L.R.2d 291, 293. Thus, in accordance with Rule 409, evidence that the Defendant paid for the Plaintiff's medical expenses, which purportedly resulted from his claimed injury, is not admissible.

The Defendant also seeks to exclude the medical bills from being submitted to the Jury. The Defendant believes that the Plaintiff may seek to introduce the medical bills, not as an element of his damages, but to assist the Jury in understanding the extent of his medical treatment. We leave this issue for resolution after we have had an opportunity to view the medical bills in question. Frequently, the reasonableness of medical expenses is a matter of stipulation between the parties. On other occasions, the Jury must determine the reasonableness of the expense, and the correlation, if any there be, between the medical expenses incurred, and the extent of the Plaintiff's claimed injuries. We are unable to say, on the Record currently presented, that the medical

bills are either admissible, or not, and we look to the parties to develop this issue more fully before the medical bills are offered into evidence. Therefore, a ruling on this last aspect of the Defendant's third Motion in limine is deferred for further argument.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's Motions in limine [Docket No. 16] are granted, or deferred, as more fully explained in the text of this Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE